[Cite as *State v. Alexander*, 2018-Ohio-4581.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28984 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT L. ALEXANDER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2017-01-0326 |

DECISION AND JOURNAL ENTRY

Dated: November 14, 2018

CALLAHAN, Judge.

{¶1}    Appellant, Robert Alexander, appeals an order that denied his motion to suppress evidence gained in the course of a traffic stop. This Court affirms.

I.

{¶2}    On a winter day in January 2017, Trooper John Lamm observed some unusual driving behavior by the operator of a green van. He pulled out from his stationary position in the median to observe the driver more closely and, as he drove alongside but slightly ahead of the van, he noticed in his peripheral vision that the driver quickly changed lanes and maneuvered into the exit lane without activating his turn signal. Trooper Lamm followed, noting that the driver, Mr. Alexander, abruptly activated his turn signal after Trooper Lamm pulled up behind him. Trooper Lamm initiated a traffic stop, which ultimately led to the discovery of methamphetamines and oxycodone on Mr. Alexander's person.

{¶3} Mr. Alexander was charged with two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1)/(C)(1), one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2)/(C)(1), and two counts of aggravated possession of drugs in violation of R.C. 2925.11(A)/(C)(1). Mr. Alexander moved the trial court to suppress all of the evidence gained as a result of the traffic stop, arguing that Trooper Lamm lacked reasonable suspicion to initiate the stop and, in the alternative, that he lacked probable cause to arrest him. The trial court denied the motion, and Mr. Alexander pleaded no contest to all but one of the charges against him. The trial court accepted his plea, dismissed the remaining charge, sentenced Mr. Alexander to an aggregate prison term of three years, and fined him $7,500. Mr. Alexander filed this appeal.

II.

### ASSIGNMENT OF ERROR

> THE TRAFFIC STOP AND SEARCH OF APPELLANT'S VEHICLE VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION BECAUSE LAW ENFORCEMENT LACKED A REASONABLE ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY ON THE PART OF APPELLANT.

{¶4} Mr. Alexander's only assignment of error argues that the trial court erred by denying his motion to suppress. Specifically, he has challenged the credibility of the evidence establishing that Trooper Lamm had a reasonable, articulable suspicion of criminal activity prior to the traffic stop.

{¶5} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id.*; *State v. Hopfer*, 112 Ohio

App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. In other words, this Court then accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶6} The investigatory stop of an automobile is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7. In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The reasonableness of the officer's actions is evaluated in light of the totality of the circumstances surrounding the stop. *State v. Freeman*, 64 Ohio St.2d 291 (1980), paragraph one of the syllabus. This is because:

> The reasonable suspicion necessary for such a stop * * * eludes precise definition. Rather than involving a strict, inflexible standard, its determination involves a consideration of "the totality of the circumstances." *United States v. Cortez*, 449 U.S. 411, 417 (1981). Under this analysis, "both the content of information possessed by police and its degree of reliability" are relevant to the court's determination. *Alabama v. White*, 496 U.S. 325, 330 (1990).

*Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999). "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying

subjective intent or motivation for stopping the vehicle in question." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996). Testimony that an officer observed an improper lane change, for example, may provide constitutional justification for a valid traffic stop. *See State v. Jackson*, 9th Dist. Summit Nos. 27132, 27133, 27158, 27200, 2015-Ohio-5246, ¶ 47.

{¶7} Mr. Alexander acknowledges that if Trooper Lamm observed a lane change violation, there was a constitutional basis for the traffic stop. Consequently, he has not argued that the trial court's legal conclusions were in error, but that the trial court's findings of fact were not supported by competent, credible evidence. Specifically, he has argued that Trooper Lamm's testimony, when considered in light of his position relative to Mr. Alexander's van, "strain[s] credulity[.]"

{¶8} The trial court found that Trooper Lamm noticed "unusual driving behavior" on Mr. Alexander's part from his stationary position near mile marker 172 of the Ohio Turnpike in Summit County, which prompted Trooper Lamm to pull alongside Mr. Alexander's vehicle in the leftmost lane of travel. The trial court then noted that "Trooper Lamm testified he observed, in his passenger side mirror, [Mr. Alexander] move quickly from the center lane to the right lane and then to an exit ramp, without using a turn signal" and that Trooper Lamm was able to make these observations while driving "as a result of [his] training and experience."

{¶9} These findings of fact are supported by competent, credible evidence from the record. Trooper Lamm testified that he pulled "alongside" Mr. Alexander's vehicle to observe him more closely. He recalled that he pulled forward for a better view of Mr. Alexander, to the point at which his vehicle was "partially in front of * * * almost past" Mr. Alexander's van. Trooper Lamm testified that from that position, he noted that "[Mr. Alexander] quickly made a lane change from the middle lane to the right l[a]ne and then onto the exit ramp, and there was

never a turn signal." He further explained that he observed the lane change in the passenger side rearview mirror and that he was able to do so because he was accustomed to the "multitasking" required by his profession. More specifically, Trooper Lamm testified that although the position from which he observed the lane change in the mirror may have been "awkward," it was not "awkward enough that [he couldn't] see it" and that he was "one hundred percent" positive that he had a clear line of sight from which to observe the lane change.

{¶10} Once he noticed the lane change, Trooper Lamm "cut over to the turning lane," placing him "directly behind [Mr. Alexander's] vehicle." From that vantage point, Trooper Lamm observed that the van's turn signal was not activated, but that Mr. Alexander abruptly "activated the turn signal after he already made both lane changes." Trooper Lamm's dash cam video, which was entered into evidence during the suppression hearing, captured the events after he pulled up behind Mr. Alexander. The video confirms this description of events.

{¶11} Mr. Alexander's argument is, in essence, that Trooper Lamm's testimony should not be credited. In that respect, this Court notes that Trooper Lamm's testimony corresponded in relevant part to the dash cam video and that defense counsel subjected Trooper Lamm to vigorous cross-examination. This Court is also mindful that the trial court was in the best position to evaluate Trooper Lamm's credibility. *See Hopfer* 112 Ohio App.3d at 548. Having reviewed the entire record, this Court concludes that there is competent, credible evidence in the record supporting the trial court's findings of fact.

{¶12} Mr. Alexander's assignment of error is overruled.

III.

{¶13} Mr. Alexander's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

R. J. BUDWAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.